IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA REGINA SCHLEIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2849 |
| | § | |
| A. GRIFFIN LAWYERS/ANTHONY P. GRIFFIN, INC. and the INTERNAL REVENUE SERVICE, | § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiff, Barbara Schlein, filed an action seeking a declaratory judgment against her former lawyer, A. Griffin Lawyers / Anthony P. Griffin, Inc. (the "Griffin Firm"), and the Internal Revenue Service. (Docket Entry No. 1). Schlein incurred legal fees when the Griffin Firm represented her in divorce proceedings that started in 2009 and ended in 2011, and in other legal matters around the same time. (*Id.*, ¶¶ 8, 12). Schlein alleges that the Griffin Firm agreed to accept over $50,000 worth of travertine tile awarded to her in the divorce as payment for the legal fees. The Griffin Firm has the tile. (*Id.*, ¶¶ 8–9). The Griffin Firm apparently believed that Schlein owed additional money for legal services rendered. (*Id.*, ¶¶ 11–12). In March 2012, Schlein received a notice of levy from the IRS, informing her that the Griffin Firm owed over $726,000 in unpaid taxes. The notice of levy stated, "This levy requires you to turn over to us this person's property and rights to property . . . that you have or which you are already obligated to pay this person. . . . If you don't owe any money to the taxpayer, please complete the back of Part 3." (Docket Entry No. 1, Ex. D, Notice of Levy). On the back of Part 3, Schlein acknowledged receipt of the levy but wrote that

"Anthony P. Griffin has been paid in full by Barbara Schlein. I do not owe Anthony P. Griffin any money. . . . Anthony Griffin owes me funds." (*Id.*)

In April 2012, The Griffin Firm sued Schlein in Texas state court. The petition asserted various state-law claims, including breach of contract, quantum meruit, unjust enrichment, fraud, and theft of services. (Docket Entry No. 1, Ex. E, State Court Complaint). Schlein moved to dismiss the state-court suit for lack of subject-matter jurisdiction. (Docket Entry No. 1, Ex. F, Motion to Dismiss). She argued:

> Federal law states that the [United States] district courts have original jurisdiction of any civil action arising under any law providing for internal revenue. Where notice of levy by the IRS has been served, the property in question is deemed constructively seized by the government. The adjudication of interests in property that federal officers seize is within the sole purview of the federal courts, since any property taken under any revenue law of the United States is deemed to be in custody of the law and subject only to orders and decrees of the courts of the United States having jurisdiction thereof.

(*Id.* at 2–3 (citing 28 U.S.C. § 1340; *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720–21 (1985); *Phelps v. United States*, 421 U.S. 330, 334 (1975); *Allen v. I.R.S. Comm'r*, 624 F. Supp. 2d 689, 694 (N.D. Ohio 2008))). The state court never ruled on Schlein's motion because the Griffin Firm voluntarily moved to dismiss without prejudice. (Docket Entry No. 1, Ex. G, Motion to Nonsuit without Prejudice, at 1).

On September 21, 2012, Schlein filed this action against the Griffin Firm in the United States District Court for the Southern District of Texas. (Docket Entry No. 1). Schlein sought "a declaration of the amount of legal fees owed to the Internal Revenue Service per the IRS Levy Notice dated March 22, 2012 and pursuant to her fee agreement with Defendant A. Griffin lawyers/Anthony P. Griffin, Inc." (*Id.* at 1 (citing FED. R. CIV. P. 57; 28 U.S.C. §§ 2201–2202)).

2

Schlein asserted that the federal court had subject-matter jurisdiction over her lawsuit under 28 U.S.C. §§ 1340 and 2463:

> Under 28 U.S.C. § 1340, the district courts have original jurisdiction of any civil action arising under any law providing for internal revenue. Furthermore, the adjudication of interests in property that federal officers seize is within the sole purview of the federal courts, since any property taken under any revenue law of the United States is deemed to be in the custody of the law and subject only to orders and decrees of the courts of the United States having jurisdiction thereof. 28 U.S.C. § 2463.

(*Id.*, ¶ 4). "Since the IRS has placed a levy on any obligation Plaintiff may owe Defendants, this action involves the adjudication of interests in property seized pursuant to an IRS levy and is thus subject to the sole jurisdiction of the federal courts." (*Id.*, ¶ 5).

A court must assure itself that subject-matter jurisdiction is present. To discharge that responsibility, Schlein must present additional information supporting her jurisdictional argument. *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982) ("[T]he party claiming federal subject matter jurisdiction bears the burden of proving it."). The levy notice section directed to the Griffin Firm states that "[a]nyone . . . we send a levy to must turn over *your* money, property, credits, etc. that they have (or are already obligated for) when they would have paid you." (Docket Entry No. 1, Ex. D, pt. 2 (emphasis added)). The levy notice section directed to Schlein instructed her to "[t]urn over any . . . money, property, credits, etc. *that you have or are already obligated to pay the taxpayer, when you would have paid it* if this person asked for payment. (*Id.*, pt. 1 (emphasis added)). The notices seeks only to collect from the addressee the taxpayer's property or rights to property that are in the addressee's possession. (*Id.*)

The notice indicates that the IRS levied *the Griffin Firm*'s property, not Schlein's. The IRS claimed no right to payment beyond what Schlein was obligated to pay the Griffin Firm. (*See id.*) Schlein stated in her response to the IRS and in this lawsuit that she has no outstanding obligation to pay the Griffin Firm. She has consistently taken the position that she fully paid the legal fees she was obligated to pay the Griffin Firm. (*Id.*, pt. 3b; Docket Entry No. 1, ¶ 11). In other words, Schlein claims that she is not in possession of any of the Griffin Firm's property or money. Schlein's response explaining that position to the IRS appears to have satisfied her obligation in responding to the notice of levy. There is no indication that the IRS has taken further steps to pursue any claim against her.

Although Schlein cites numerous cases for the proposition that federal courts may entertain suits resolving whether a tax levy attaches to the plaintiff's property interest,[1] she does not appear to allege that the IRS has attempted to levy on any of *her* property. The IRS has not sought to levy on any money or property beyond what she as a former client is obligated to pay the Griffin Firm.[2] In other words, the levy is not directed to any of Schlein's property or money.

---

[1] These cases are cited in Schlein's state-court motion to dismiss for lack of jurisdiction, (Docket Entry No. 1, Ex. F, at 2–4). *See, e.g.*, *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720–21 (1985); *Phelps v. United States*, 421 U.S. 330, 334 (1975); *Allen v. I.R.S. Comm'r*, 624 F. Supp. 2d 689, 694 (N.D. Ohio 2008); *CPS Elec., Ltd. v. United States*, 200 F. Supp. 2d 120, 125 (N.D.N.Y. 1977); *Reiling v. United States*, No. L 76-19, 1977 WL 1094, *2 (N.D. Ind. Feb. 04, 1977).

[2] *See* 26 U.S.C. § 7426 ("If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.").

Schlein is seeking a declaratory judgment as to whether she owes the Griffin Firm or Anthony Griffin additional amounts for legal services.  That is purely a state-law matter and there does not appear to be a basis for federal subject-matter jurisdiction.  Schlein characterizes her suit as one to adjudicate interests in property seized as revenue: "As a result of Griffin's failure to pay taxes, the IRS Notice of Levy informed Schlein that it had placed a[] lien on any obligation she owed to Griffin" and "[i]n order to comply with Defendant IRS' Notice of Levy, Plaintiff files this suit for declaratory relief to clarify the extent of her obligation to Griffin under the Fee Agreement."  (Docket Entry No. 1, ¶¶ 10, 14).  Schlein relies on this court's power to "declare the rights and other legal relations of any interested party seeking such declaration" in a "case of actual controversy within its jurisdiction."  28 U.S.C. § 2201(a).  Schlein does not address the portion of the Declaratory Judgment Act that states that a court may enter a declaratory judgment "except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986."  *Id.*  This action is not an action under 26 U.S.C. § 7428, which allows parties to seek a declaration of whether an organization is tax-exempt.

Schlein is therefore ordered to show cause why this case should not be dismissed.  No later than November 19, Schlein must file a written statement explaining more fully the basis for this court's subject-matter jurisdiction over her suit and whether the Declaratory Judgment Act authorizes this court to provide the relief she seeks.

SIGNED on November 5, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

5